UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA GONZALEZ,<br><br>               Plaintiff,<br><br>      v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER, SOCIAL SECURITY<br>ADMINISTRATION,<br><br>               Defendant. | NO. CV 06-3617-CT<br><br>OPINION AND ORDER |

For the reasons set forth below, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. Section 405(g) to defendant Commissioner of Social Security ("the Commissioner") for further administrative action consistent with this opinion and order.

## SUMMARY OF PROCEEDINGS

On June 15, 2006, plaintiff, Angela Gonzales ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act"). The parties filed a consent to proceed before the magistrate judge. On September 21, 2006, plaintiff filed an opening brief. On October 20, 2006, the Commissioner filed an opposition brief.

<u>SUMMARY OF ADMINISTRATIVE RECORD</u>

1. <u>Proceedings</u>

On April 3, 2003, plaintiff filed an application for disability insurance benefits, alleging disability since November 9, 2002 due to back, left shoulder and knee pain. (TR 60-63, 71).[1] Following an adverse decision by an administrative law judge ("ALJ"),(TR 35-44), on March 4, 2005 the Appeals Council remanded the case to the ALJ because plaintiff had submitted new and material evidence indicating that magnetic resonance imaging ("MRI") of the lumbar spine had been performed and, in light of the new evidence, further evaluation was necessary. (TR 161-62).

On October 19, 2005, a subsequent hearing was held. (TR 427-524). Plaintiff, represented by an attorney, appeared and testified before an ALJ. The ALJ also considered VE and medical expert ("ME") testimony. On February 1, 2006, the ALJ issued a decision that plaintiff was capable of performing a limited range of light work and could perform her past relevant work as an interstate bus dispatcher. (TR 15-28). Accordingly, the ALJ found that plaintiff was not disabled, as defined by the Act, and thus was not eligible for benefits. <u>Id</u>. On March 30, 2006, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision. (TR 12). On May 10, 2006, the request was denied. (TR 7-10). Accordingly, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff subsequently sought judicial review in this court.

---

[1] "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

    2. <u>Summary Of The Evidence</u>

The ALJ's decision is attached as an exhibit to this opinion and order and, except as otherwise noted, materially summarizes the evidence in the case.

<u>PLAINTIFF'S CONTENTIONS</u>

Plaintiff essentially contends as follows:

1. The ALJ failed adequately develop the record;
2. The ALJ failed to properly evaluate the opinions of plaintiff's treating physicians, Dr. Robert Hunt, Dr. Gerald Alexander, and Dr. Steven Schwartz; and,
3. The ALJ failed to properly evaluate plaintiff's subjective complaints.

<u>STANDARD OF REVIEW</u>

Under 42 U.S.C. §405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards. <u>Macri v. Chater</u>, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), but less than a preponderance. <u>Sandgathe v. Chater</u>, 108 F.3d 978, 980 (9th Cir. 1997).

When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the Court may not substitute its judgment for that of the Commissioner. <u>Flaten v. Secretary of Health and Human Services</u>, 44 F.3d 1453, 1457 (9th Cir. 1995).

The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for

3

rehearing." 42 U.S.C. §405(g). Remand is appropriate where additional proceedings would remedy defects in the Commissioner's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

DISCUSSION

1. The Sequential Evaluation

A person is "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, it is determined whether the person is engaged in "substantial gainful activity." If so, benefits are denied.

Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

Fourth, if the impairment does not meet or equal a "listed impairment," it is determined whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, benefits are denied.

4

1    Fifth, if the person cannot perform past relevant work, the burden
2    shifts to the Commissioner to show that the person is able to perform
3    other kinds of work.  The person is entitled to benefits only if the
4    person is unable to perform other work.  20 C.F.R. §§404.1520; Bowen v.
5    Yuckert, 482 U.S. 137, 140-42 (1987).

   2.  Issues

       A.  Development of the Record

   Plaintiff contends that the ALJ failed to properly evaluate the
medical evidence when determining plaintiff's residual functional
capacity because he failed to adequately develop the record.

   The ALJ has a special duty to fully and fairly develop the record.
Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir 2001).  The ALJ's
duty to develop the record exists even when plaintiff is represented by
counsel.  Id.  The ALJ may discharge this duty in several ways
including: subpoenaing plaintiff's physician; submitting written
questions to the physician; continuing the hearing; or leaving the
record open to allow plaintiff to supplement the record.  Id.  However,
the responsibility of the ALJ is not unlimited. The ALJ's duty to
"conduct an appropriate inquiry" is triggered only if the evidence is
ambiguous or if the ALJ determines that the record is inadequate for
proper evaluation.  Id.

   Here, with respect to the plaintiff's back condition, the ME, Dr.
Michael Gurvey, testified that while plaintiff's neurological testing
did not indicate any significant neurological abnormalities,[2] the record

---

[2] The report of plaintiff's electromyographic ("EMG") study states that "A normal EMG suggests no significant nerve damage. *It does not rule out compression or painful radiculopathy*."  (TR

showed an MRI that indicated a herniated disc in her lumbar spine (L5-S1) "with encroachment upon the right S1 nerve root." (TR 450-53). Dr. Gurvey stated that he "gave full credit" to her back condition (as indicated by the MRI) in opining about her limitations. However, when plaintiff's counsel pointed out that the MRI showed an eight millimeter extrusion of the disc, Dr. Gurvey testified that it was a "significant lesion." (TR 457). He further testified that he could not opine on plaintiff's current status because the most current information before him was almost two years old. (TR 458). He also opined that plaintiff could perform light work and stated that he was taking the MRI study into account but confirmed that the MRI was an abnormal finding. (TR 460).

As discussed further below, Dr. Robert Hunt, plaintiff's treating physician, instructed plaintiff to remain off of work while he was seeing her. (See TR 302, 308-20). However, the record is ambiguous as to whether Dr. Hunt opined that plaintiff could not perform any work or only that she could not perform her past work as a bus driver. In addition, Dr. Steven Schwartz, plaintiff's knee surgeon, opined that plaintiff's knee condition permanently restricted her from climbing stars, squatting and stooping and lifting in the context of restricting plaintiff from driving a motor coach. (TR 233).

The ALJ relied on Dr. Gurvey's testimony in assessing plaintiff's RFC. The ALJ had originally scheduled a consultative orthopedic examination, but plaintiff failed to attend that examination because she

---

280)(emphasis added).

6

moved frequently and did not receive notice.³  The ALJ did not schedule another consultative examination or seek further opinions of plaintiff's treating physicians concerning the impact of plaintiff's impairments on her functioning.  Dr. Gurvey raised the fact that he did not have current information and that no recent consultative examination had been performed.  (TR 452).  When the ALJ asked if a consultative examination would have been significant, Dr. Gurvey did not directly respond, stating only that he was "just trying to tie this together" for the ALJ.  (Id.)  The ALJ did not pursue the issue.

   Plaintiff submitted some additional records to the Appeals Council.  The records submitted included notes from an August 2005 examination of plaintiff's shoulders and knees.  (TR 372-78).  Those notes indicate that plaintiff's doctors concluded that she has tendonitis of the shoulders and osteoarthritis of her knees with moderate swelling and pain on compression of her kneecap.  (TR 376).  The X-rays taken showed signs of osteoarthritis.  (TR 377).  The physician's notes indicate the possibility that plaintiff will need a total knee replacement.  (TR 378).  The Appeals Council found that these records were cumulative of prior records.  (TR 6).  However, the notes show that plaintiff continues to have symptoms of osteoarthritis, that surgery and treatment have not alleviated the problem and that her arthritis may be worsening to the point where further surgery is needed.  Based on the records before him, which were not updated, Dr. Gurvey concluded that plaintiff

---

³The record reflects that plaintiff's counsel did receive notice.  (TR 433-34).  However, the ALJ found good cause for plaintiff's failure to attend the consultative examination.  (TR 19).

7

merely had some softening of the cartilage under her knee cap. (TR 441-42, 444).[4]

Given the foregoing, further development of the record is needed and remand is warranted. See Tonapetyan v. Halter, 242 F.3d at 1150-51(ALJ did not adequately develop the record where ALJ relied on ME's testimony and the ME expressed concern about ambiguities in the record and the completeness of the record). On remand, the Commissioner may wish to order a consultative examination of plaintiff to assess her current condition and clarify whether the opinions of Drs. Hunt and Schwartz apply to all work or are directed only at plaintiff's past work as a motor coach driver.

B. Treating Physicians

Plaintiff also contends that the ALJ failed to properly consider the opinions of her treating physicians, Drs. Hunt, Alexander and Schwartz.

A treating physician's opinion is entitled to greater weight than that of an examining physician. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citation omitted); Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the

---

[4] The supplemental records submitted also included records from Little Company of Mary for an emergency room visit as a result of back pain. The Appeals Council found that these emergency room records could apply only to a new application for benefits because the ALJ decided plaintiff's case as of February 1, 2006 and the records related to a later time. (TR 8). However, the Appeals Council states that the records are from *August 16, 2005.* (Id.) The August 16, 2005 records from Little Company of Mary are not included in the copy of the Administrative Record submitted to the court.

ultimate issue of disability." <u>Andrews v. Shalala</u>, 53 F.3d at 1041(citation omitted). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the records. 20 C.F.R. § 404.1527.

"The ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted." <u>Andrews v. Shalala</u>, 53 F.3d at 1041 (citation omitted). A medical opinion is considered uncontroverted if all the underlying medical findings in the record of plaintiff's physical impairments are similar. <u>Sprague v. Bowen</u>, 812 F.2d at 1230. To reject the uncontroverted opinion of plaintiff's physician, the ALJ must present clear and convincing reasons for doing so. <u>Andrews v. Shalala</u>, 53 F.3d at 1041(citation omitted). Even if the treating physician's opinion is contradicted by other doctors, the Commissioner may not reject the opinion without providing "specific and legitimate reasons" for doing so which are supported by substantial evidence. <u>Rollins v. Massanari</u>, 261 F.3d 853, 856 (9th Cir. 2001) (citation omitted); <u>see</u> <u>also</u> <u>Holohan v. Massanari</u>, 246 F.3d 1195, 1202(9th Cir. 2001)("An ALJ may rely on the medical opinion of a non-treating doctor instead of a contrary opinion of a treating doctor only if she or he provides 'specific and legitimate' reasons supported by substantial evidence in the record").

Here, in assessing plaintiff's residual functional capacity, the ALJ essentially adopted the opinion of the ME, who, as discussed above reviewed plaintiff's medical records available at the hearing, but did not examine plaintiff. The ALJ "discounted" the evaluation by plaintiff's treating physician, Dr. Robert Hunt.

Dr. Hunt treated plaintiff in connection with her worker's

9

1  compensation case.  He gave plaintiff thorough physical examinations and
2  had plaintiff undergo objective testing.  (See TR 255-65, 279-84, 286-
3  302, 322-31).  He found that she could not perform her duties at work
4  and instructed that she remain off work during his treatment of her.
5  (TR 302, 308-20).  He referred plaintiff to Dr. Gerald Alexander for an
6  orthopaedic spine surgical consultation.  Dr. Alexander diagnosed
7  plaintiff with lumbar disc disease with herniation at L5-S1 and
8  bilateral lumber radiculopathy, with right more severe than left, and
9  recommended surgery.  (TR 263). His examination revealed signs of
10 sciatic nerve compression and a positive straight leg raising test.
11 (TR 262).
12      The ALJ provided no reasons for discounting Dr. Hunt's opinions,
13 which were based on Dr. Hunt's physical examinations of plaintiff,
14 objective testing, and are consistent with Dr. Alexander's findings.
15 Instead, the ALJ found that the findings of Drs. Hunt and Alexander were
16 not "generally inconsistent" with the ALJ's RFC assessment.  (TR 28).
17 As discussed above, the record is ambiguous on this point.  Dr. Hunt
18 found that at the time plaintiff was under his care she was "unable to
19 work."   (See  TR  320).   Dr.  Hunt  also  repeatedly  found  plaintiff
20 temporarily  totally  disabled.  (TR  131-32).  The  record  does  not
21 demonstrate significant improvement in her condition.  (See TR 259 (Dr.
22 Alexander's notation that "[t]hroughout the course of her treatment thus
23 far,  the  patient  has  failed  to  improve")).   It  is unclear from Dr.
24 Hunt's notations whether his opinion is that plaintiff was unable to
25 perform any work or whether she could not preform her past job as bus
26 driver. Plaintiff contends that he instructed her that she was unable to
27 perform any type of work. (TR 407).  However, since this matter is being

1 remanded for further development of the record, the Commissioner will
2 have an opportunity to re-evaluate the opinions of Dr. Hunt in light of
3 a more fully developed record.

4     In contrast to Drs. Hunt and Alexander, the ALJ's February 1, 2006
5 decision does not mention the opinion of Dr. Schwartz, who treated
6 plaintiff for her knee condition and performed surgery on her knees.
7 Dr. Schwartz opined that due to permanent damage to plaintiff's knee,
8 she is "**permanently restricted from step and stair climbing, from**
9 **squatting and stooping, and from lifting**" and that "this group of
10 restrictions makes operating of a motor coach impossible for her." (TR
11 223)(emphasis added). To the extent that Dr. Schwartz's opinion applies
12 to work other than operating a motor coach, in adopting the functional
13 capacity assessment of Dr. Gurvey, the ALJ implicitly rejected the
14 opinion of Dr. Schwartz, but failed to provide any reasons for doing so
15 in his February 2006 opinion. See Holohan v. Massanari, 246 F.3d at
16 1207 (finding that the opinions of an examining physician who examined
17 plaintiff only once and a reviewing physician who did not examine
18 plaintiff were insufficient to outweigh the opinion of a treating
19 physician who cared for plaintiff over a period of time).

20     The ALJ did provide reasons for discounting the opinions of Dr.
21 Schwartz in his prior January 23, 2004 decision, which was vacated by
22 the Appeals Council.[5] (TR 41). The Commissioner has provided no

---

[5] The ALJ incorporated into his 2006 decision his summary of the medical evidence from the 2004 decision. (TR 17). He did not incorporate his findings or reasons for rejecting opinion evidence. In his 2004 decision, the ALJ found that plaintiff was limited to two hours of standing based on the opinions of orthopedist Dr. Tarek Bittar, who examined plaintiff

11

1  authority permitting or requiring this court to look through the
2  administrative decision to prior decisions that have been vacated.  In
3  any event, the ALJ rejected Dr. Schwartz' opinions in part because it
4  was issued only a few months after her surgery and was, therefore,
5  "premature" and it was not supported by progress notes after her
6  recovery from surgery.  (TR 41).  As discussed above, plaintiff has
7  submitted recent treatment notes which indicate that her condition may
8  not have improved after surgery.  (TR 376-78).

    Thus, the record is ambiguous as to whether the ALJ's decision is
inconsistent with the opinions of Drs. Hunt and Schwartz because the ALJ
failed to adequately develop the record.  Accordingly, remand is
warranted.  On remand, the Commissioner should re-evaluate the opinions
of these physicians and, if these opinions are rejected, provide legally
sufficient reasons for doing so.  Rollins v. Massanari, 261 F.3d at 856.

### C.  Plaintiff's Subjective Complaints

Finally, plaintiff contends that the ALJ failed to properly consider her subjective complaints.

The Commissioner's assessment of a plaintiff's credibility is entitled to great weight.  Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985).  "Generally, a [plaintiff's] credibility becomes important at the stage where the ALJ is assessing [residual functional capacity], because

---

consultatively on April 27, 2003.  (TR 104-110).  In the current decision, without explanation, the ALJ rejected this limitation based on the opinion of Dr. Gurvey that plaintiff could stand and walk for six hours. (TR 26 n. 5). Although Dr. Bittar's opinion was issued prior to plaintiff's knee surgery, the recent records submitted by plaintiff indicate that surgery has not alleviated her condition.

12

the plaintiff's subjective statements may tell of greater limitations than can medical evidence alone." Tonapetyan v. Halter, 242 F 3d. at 1147. For this reason, the ALJ may not reject plaintiff's testimony regarding plaintiff's limitations merely because they are not supported by objective evidence. Id. at 1147-48 (citation omitted).

Moreover, to reject a plaintiff's subjective complaints, the ALJ must provide "'specific, cogent reasons for the disbelief.'" (Greger v. Barnhart, __ F.3d __, 2006 WL 2684753 at *2 (9th Cir. 2006)(citations omitted). In the absence of evidence of malingering, the ALJ's reasons for rejecting plaintiff's testimony must be clear and convincing. Id.; see also Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991). Thus, the ALJ must specifically identify what testimony is credible and what testimony undermines the plaintiff's complaints. Greger v. Barnhart, 2006 WL 2684753 at *2 (citation omitted). "In this regard, questions of credibility and resolutions of conflicts in the testimony are functions solely of the Secretary." Id. (Citation omitted). In assessing plaintiff's credibility, the ALJ may use "ordinary techniques of credibility evaluation," such as considering plaintiff's reputation for truthfulness and any inconsistent statements in plaintiff's testimony. Tonapetyan v. Halter, 242 F 3d. at 1148.

Here, the ALJ discounted plaintiff's allegations of pain and limitations due to her lack of credibility. (TR 26). The ALJ gave specific convincing reasons that are supported by substantial evidence. First, the ALJ noted that plaintiff does some household chores and cares for two children, a toddler and her teenage son who has asthma of sufficient severity to qualify for disability under child's supplemental security income. (TR 25, 482, 495-97). See Orteza v. Shalala, 50 F.3d

13

748, 750 (9th Cir. 1995)(ALJ was "clearly allowed to consider" plaintiff's ability to perform household chores" assessing the credibility of plaintiff's complaints of disabling pain and fatigue). The ALJ further noted that plaintiff's testimony at the two hearings was inconsistent on basic facts, such as the date her commercial driver's license expired. (TR 25, 418, 521-22). See Tonapetyan v. Halter, 242 F 3d. at 1148. In addition, at her initial September 2003 hearing, plaintiff testified that she was able to walk for 20 to 30 minutes at a time and could drive a car for 30 minutes and had driven for 45 minutes to the hearing. (TR 25, 412). In contrast, at the October 2005 hearing she testified that she can walk only half a block and can stand only 10 to 15 minutes and can sit for only 15 to 20 minutes. (TR 480-81). Moreover, the ALJ found that plaintiff's treatment was conservative given her allegations of disabling pain. (TR 25). See Johnson v. Shalala, 60 F.3d 1428, 1434 (1995)(in assessing plaintiff's credibility ALJ properly considered inconsistency between plaintiff's allegations of disabling pain and her conservative treatment). For example, although plaintiff testified that she was in so much pain that she had to lie down for six hours a day (TR 485), she had discontinued her physical therapy for her back at the time of the October 2005 hearing. (TR 477). These are legally sufficient reasons for discounting plaintiff's credibility.[6]

---

[6] The ALJ also found plaintiff not credible because, after testifying about a recent visit to the emergency room and additional treatment, she failed to provide records supporting her testimony within the two weeks the ALJ gave her to supplement the record. (TR 25). Plaintiff did provide those records to the Appeals Council. However, as discussed above, her failure to

Accordingly, remand is not warranted on this ground.

### REMAND IS APPROPRIATE IN THIS CASE

The decision whether to remand a case for additional evidence is within the discretion of the court. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). While plaintiff may be able to work, remand is appropriate if the record is incomplete and additional proceedings would remedy defects in the Commissioner's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

Having considered the record as a whole, it appears that the present record is insufficiently developed.

### CONCLUSION

Accordingly, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. §405(g) to the Commissioner for further administrative action consistent with this opinion.

DATED: 10/23/06

          / S /
CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE

---

provide the records was not the only basis for the ALJ's credibility finding.